



RECEIVED JKS
2/18/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

---

Ena Carson,

Plaintiff,

v.  FEBRUARY 19, 2026

**1:26-cv-01845**
**Judge Matthew F. Kennelly**
**Magistrate Judge Young B. Kim**
**RANDOM/Cat 2**

David Steiner,

Postmaster General,

United States Postal Service,

Defendant.

---

**COMPLAINT**

Plaintiff Ena Carson, proceeding pro se, alleges as follows:

---

**I. INTRODUCTION**

1. This is a mixed-case civil action arising from Plaintiff's removal from employment with the United States Postal Service ("USPS").

2. Plaintiff alleges that Defendant discriminated against her based on disability and retaliated against her for prior protected Equal Employment Opportunity ("EEO") activity.

3. Plaintiff seeks de novo review of all discrimination and retaliation claims pursuant to 5 U.S.C. § 7703(b)(2) and applicable federal law.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331.

5. This action arises under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.

6. This action also arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

7. This is a mixed case within the meaning of the Civil Service Reform Act of 1978.

8. Plaintiff received a final decision from the Equal Employment Opportunity Commission dated November 20, 2025, in Request No. 2025003306, Appeal No. 2025001351, Agency No. IC-341-0053-24. A copy of the EEOC's final decision is attached hereto as Exhibit 1.

9. Plaintiff files this action within ninety (90) days of receipt of that decision.

10. Plaintiff previously filed MSPB Appeal No. CH-0752-24-0562-I-1, which was dismissed as untimely. A Petition for Review remains pending before the Board. The MSPB has not issued a merits determination on Plaintiff's discrimination claims.

11. In the event the Court determines MSPB proceedings affect timing of judicial review, Plaintiff respectfully requests that this action be stayed rather than dismissed in order to preserve Plaintiff's statutory rights.

12. Venue is proper in this District because the events giving rise to this action occurred in Elk Grove Village, Illinois.

## III. PARTIES

13. Plaintiff Ena Carson is a former employee of USPS.

14. Plaintiff was employed as a Mail Handler at USPS in Elk Grove Village, Illinois.

15. Defendant David Steiner is the Postmaster General of USPS and is sued in his official capacity only.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act. Plaintiff has a service-connected medical condition that substantially limits major life activities including concentration, sleep, and stress regulation.

17. Defendant was aware of Plaintiff's medical condition.

18. In May 2023, Plaintiff's physician removed her from work. Plaintiff filed an OWCP claim and regularly submitted CA-17 Duty Status Reports to management.

19. Plaintiff submitted FMLA paperwork, which was approved for May 16, 2023 through August 16, 2023.

20. After FMLA expired, Plaintiff continued submitting updated CA-17 documentation monthly while appealing her OWCP denial.

21. During a January 2024 investigative interview, management informed Plaintiff that her medical documentation was sufficient.

22. Despite receiving medical documentation, Defendant coded certain absences as AWOL.

23. Plaintiff had no prior discipline in her personnel file before December 2023.

24. Plaintiff engaged in protected EEO activity in December 2023.

25. Shortly thereafter, in January 2024, Defendant initiated formal discipline.

26. On February 2, 2024, Plaintiff received a Letter of Warning for attendance.

27. The disciplinary process escalated over the following months.

28. On July 1, 2024, Plaintiff received a Notice of Proposed Removal alleging failure to maintain regular attendance and AWOL.

29. The proposal asserted insufficient medical documentation despite prior representations that documentation was adequate.

30. On July 11, 2024, Plaintiff received a Letter of Decision removing her from employment. The decision relied on attendance and AWOL allegations.

31. The removal included dates previously addressed in earlier discipline and dates covered by approved FMLA.

32. Defendant deviated from established progressive discipline practices and imposed removal after only a Letter of Warning.

33. Defendant's explanations for removal shifted over time.

34. Plaintiff's disability and/or protected EEO activity were motivating factors in the decision to remove her.

35. Plaintiff suffered loss of employment, wages, benefits, and emotional distress.

## COUNT I

Disability Discrimination

(Rehabilitation Act of 1973)

36. Plaintiff incorporates paragraphs 1 through 35.

37. Plaintiff is a qualified individual with a disability.

38. Defendant subjected Plaintiff to removal.

39. Plaintiff's disability was a motivating factor in the removal decision.

40. Defendant improperly treated medically supported absences as misconduct.

41. Defendant's stated reasons were pre-textual.

42. Defendant violated the Rehabilitation Act.

## COUNT II

Retaliation

(Title VII of the Civil Rights Act of 1964)

43. Plaintiff incorporates paragraphs 1 through 42.

44. Plaintiff engaged in protected EEO activity.

45. Defendant was aware of Plaintiff's protected activity.

46. Defendant initiated discipline shortly after Plaintiff's EEO activity and escalated that discipline to removal.

47. The timing and escalation give rise to an inference of retaliatory motive.

48. Defendant's actions constitute unlawful retaliation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant violated federal law;

B. Reinstate Plaintiff or award front pay;

C. Award back pay with interest;

D. Award compensatory damages;

E. Expunge removal from personnel records;

F. Award costs and attorney's fees as allowed by law;

G. Grant a trial by jury; and

H. Grant such other relief as the Court deems just and proper.

Respectfully submitted,


Ena Carson, Plaintiff, Pro Se

PO BOX 5864

RIVER FOREST, IL  60305

ENACARSON@HOTMAIL.COM