**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ENA CARSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26 C 1845** |
| | ) | |
| **DAVID P. STEINER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Ena Carson has sued David Steiner in his official capacity as Postmaster General of the United States Postal Service (USPS) under the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964. The government has moved to dismiss Carson's complaint for failure to state a claim upon which relief may be granted. For the reasons stated below, the Court grants the motion to dismiss.

**Background**

At the pleading stage, the Court must "accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018).

Carson alleges that she has a disability that affects her day-to-day functioning, including her concentration, sleep, and stress regulation. Until July 2024, Carson worked as a mail handler for the USPS in Elk Grove Village, Illinois. In May 2023, Carson's physician ordered her to stop working, and she went on approved Family and

Medical Leave Act (FMLA) leave until August 2023. After her approved FMLA leave expired, Carson continued to take time off work and submit supporting medical documentation to the USPS. Because the USPS coded several of Carson's absences as absence without leave (AWOL), Carson engaged with the USPS's equal employment opportunity (EEO) office in December 2023. In January 2024, the USPS initiated formal discipline for Carson's non-attendance. Over the next several months, the USPS escalated the disciplinary process, eventually culminating in a July 11, 2024 letter of decision removing Carson from employment for alleged failure to maintain regular attendance and AWOL.

Eight days later, Carson initiated the USPS informal EEO pre-complaint process. On September 9, 2024, Carson formally appealed her removal to the Merit Systems Protection Board (MSPB), alleging that her removal was based on both discrimination and retaliation for her protected EEO activity in December 2023. Before the MSPB decided her "mixed case" appeal, Carson also filed a formal EEO complaint with the USPS on November 5, 2024. In January 2025, the MSPB dismissed her appeal as untimely and gave her three appeal avenues to choose from: file a petition for review before the MSPB, pursue judicial review of the MSPB decision, or request review by the Equal Employment Opportunity Commission (EEOC).[1] Carson chose to file a petition for review before the MSPB. Because of her choice to proceed before the MSPB, the USPS dismissed her EEO complaint in December 2024. Carson appealed the USPS's decision to the EEOC, which affirmed the USPS’s dismissal in May 2025 and denied

[1] Had Carson chosen to go down the third avenue, the EEOC would have reviewed only her discrimination claim and not her removal claim. Def.'s Mem. in Supp. of its Mot. to Dismiss, Ex. B at 12-13.

Carson's request for reconsideration in November 2025.

On February 18, 2026, while Carson's petition for review before the MSPB was still pending, she filed this lawsuit in the Northern District of Illinois. On May 18, 2026, the USPS filed a motion to dismiss under Rule 12(b)(6). Later, on July 13, 2026, the MSPB granted Carson's petition for review, reversed the January 2025 decision that dismissed Carson's appeal, and remanded her case to the regional MSPB office for further adjudication.

**Discussion**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "the plaintiff must allege enough facts to state a claim to relief that is plausible on its face." *NewSpin*, 910 F.3d at 299 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the pleading stage, the Court must "accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Id.* In ruling on a Rule 12(b)(6) motion to dismiss, a court is limited to assessing the allegations in the complaint, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information subject to proper judicial notice. *Wertymer v. Walmart, Inc.*, 142 F.4th 491, 498 (7th Cir. 2025).

A plaintiff need not anticipate or refute potential affirmative defenses in her complaint. *Doe v. Smith*, 429 F.3d 706, 709 (7th Cir. 2005). There is, however, "a narrow and pragmatic exception" to the general rule against Rule 12(b)(6) dismissals based on affirmative defenses, which applies in the rare situation when a plaintiff pleads herself out of court. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). When an affirmative defense, such as failure to exhaust administrative remedies, is "so plain

from the face of the complaint," the plaintiff's complaint may be dismissed. *Thomas v. Kalu*, 218 F. App'x 509, 512 (7th Cir. 2007) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1010-11 (7th Cir. 2002)).

Carson brings her claims under the Rehabilitation Act and Title VII, alleging that the USPS's decision to remove her was motivated by discriminatory and retaliatory reasons. Exhaustion of administrative remedies is a "condition precedent to bringing a claim" under these statutes, and "plaintiffs who have not exhausted their administrative remedies have prematurely brought their claims into the courts." *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). In its motion to dismiss, the government argues that (1) Carson has not exhausted her administrative remedies, and (2) dismissal without prejudice is the only appropriate outcome. The Court addresses both contentions below.

**A. Administrative exhaustion**

The government initially argued that Carson had not yet exhausted her administrative remedies because the proceedings before the MSPB were still ongoing. Carson responded that she had already received a final decision from the EEOC and that she filed this lawsuit to seek "preservation of statutory discrimination claims that [had] never been resolved on the merits." Pl.'s Resp. Br. at 4 (cleaned up). The government replied that Carson could not proceed with her discrimination and retaliation claims in court until she received a final adverse decision by the MSPB.

After the government submitted its reply, the MSPB granted Carson's petition for review, reversing the initial decision and remanding her case to the Central Regional Office for further adjudication of all of her claims. In its surreply, the government

contends that the existence of an upcoming administrative hearing means that "[n]ot only is exhaustion far from accomplished, but the outcome of the administrative process is also far from determined." Def.'s Surreply Br. at 2 (cleaned up). Carson responds that the MSPB's decision to grant her petition for review has materially changed the procedural posture, making the government's arguments in its initial motion no longer applicable. Carson further argues that because she has pursued her rights for nearly two years, the Court should hear her claims.

An aggrieved federal employee has a "mixed case" when she complains of a personnel action serious enough to appeal to the MSPB and alleges that the action was based on discrimination. 29 C.F.R. § 1614.302(a). The employee may, in the first instance, file a mixed case complaint with the agency for which she worked (i.e. the agency's internal EEO department), or bring her case directly to the MSPB. 29 C.F.R. § 1614.302(b). However, the employee may not proceed before both the agency and the MSPB. *Id.* If a plaintiff files with both the agency for which she worked for and the MSPB, "whichever is filed first shall be considered an election to proceed in that forum." *Id.*

Regardless of which administrative forum a plaintiff elects, the plaintiff must exhaust her administrative remedies within that forum prior to filing suit in federal court. *See Teal*, 559 F.3d at 691. In the MSPB context, that means there must be a "judicially reviewable action," manifested through a "final, appealable MSPB decision." 5 U.S.C. § 7702(a)(2); *Blaney v. United States*, 34 F.3d 509, 512 (7th Cir. 1994). An adverse MSPB decision becomes final and appealable when the employee declines to request

additional administrative process.[2] 5 U.S.C. § 7702(a)(3)(A). Similarly, if the plaintiff chooses to file a complaint with the agency's EEO office, exhaustion requires the agency to "issue a final decision" before the plaintiff may proceed in court. *Jennings v. Panetta*, 492 F. App'x 698, 699 (7th Cir. 2012).

Carson elected to proceed in the MSPB when she filed an MSPB mixed case appeal in September 2024. Although she also filed a formal complaint with the USPS, she did so only after she had already filed her MSPB mixed case appeal. In affirming the USPS's decision to dismiss Carson's complaint, the EEOC found that Carson had "elected to proceed before the MSPB" because "she did not file her formal EEO complaint [with the USPS] until . . . almost two months after filing her mixed case appeal directly with the MSPB." Def.'s Mem. in Supp. of its Mot. to Dismiss, Ex. D at 3 (cleaned up). Carson argues that judicial review is appropriate because the EEOC has issued a final decision affirming the USPS's dismissal of her complaint, but that is incorrect: because she filed with the MSPB first, the operative administrative complaint is the one that she has pending before the MSPB. Thus in considering the issue of exhaustion, the question is whether the MSPB has issued a final, appealable decision.

It has not. No final, judicially reviewable action existed at the time the government initially filed its motion to dismiss in the present case. At that point, Carson's petition for review before the MSPB was still pending and had not yet been decided. No final, judicially reviewable action exists now either. Following the MSPB's remand order, the regional office will now be required to issue a decision on Carson's

[2] Alternatively, the MSPB decision may become judicially reviewable if the plaintiff files a petition for review with the EEOC, which then declines to consider the MSPB's decision. 5 U.S.C. § 7702(a)(3)(B).

MSPB complaint. When the MSPB initially dismissed her case in January 2025, Carson could have pursued judicial review, and the MSPB's dismissal would have been considered a final decision. But Carson did not take that route; instead she filed a petition for review before the MSPB. Because Carson chose that course, she is required to exhaust her administrative remedies within the MSPB prior to seeking judicial review of her claims.

Carson argues that the Supreme Court has "repeatedly recognized the importance of district court review in mixed cases" like this one. Pl.'s Resp. Br. at 4. However, the Court does not read the two cases that she cites, *Kloeckner v. Solis*, 568 U.S. 41 (2012) and *Perry v. Merit Sys. Prot. Bd.* 582 U.S. 420 (2017), to suggest that litigants may get into district court by skipping administrative exhaustion altogether. Both *Kloeckner* and *Perry* held that once judicial review is available in a mixed case, it proceeds in federal district court and not in the United States Court of Appeals for the Federal Circuit. Importantly, both *Kloeckner* and *Perry* concerned plaintiffs who had received a final, judicially reviewable decision from the MSPB. Thus *Kloeckner* and *Perry* will only apply to Carson after the MSPB has issued a final, appealable decision on Carson's complaint, which it has not yet done.

Carson also contends that Congress recognized in 5 U.S.C. § 7702(e)(1)(B) that administrative proceedings should not continue indefinitely and that she has diligently pursued her rights for nearly two years. But this statute does not overcome Carson's failure to satisfy the exhaustion requirement. Section 7702(e)(1)(B) essentially provides an escape hatch for a plaintiff who has experienced undue delay before the MSPB: it allows a plaintiff to file a suit in federal court if (among other alternatives) she does not

receive a judicially reviewable action from the MSPB within 120 days of filing her initial MSPB appeal. But Carson *did* get a judicially reviewable action when the MSPB dismissed her appeal as untimely on January 21, 2025, after which she chose to file a petition for review in the MSPB. Because the MSPB has since granted her petition for review, Carson has not been "held in perpetual uncertainty by Board inaction," which is what section 7702(e)(1)(B) was designed to prevent. *Kloeckner*, 568 U.S. at 54. The court understands Carson's frustration that she has still not received a decision since being removed from employment nearly two years ago. But to allow her to "side-step the requirement of a judicially reviewable action of the MSPB would eviscerate the exhaustion requirement so that the mere passage of time would be the only precondition to judicial review." *Blaney*, 34 F.3d at 513 (cleaned up).

Finally, Carson argues that the MSPB's remand materially changed the factual basis underlying the government's original motion. But although the procedural posture of Carson's MSPB case has changed, Carson's failure to exhaust her administrative remedies has not.

For these reasons, the Court concludes that Carson has not exhausted her administrative remedies, as is required to bring her claims under the Rehabilitation Act and Title VII.

**B. Dismissal vs. stay**

The government also argues that dismissal without prejudice is the appropriate outcome given Carson's failure to exhaust. Carson responds that a stay would better serve both judicial economy and fairness.

In similar mixed cases where the court found the plaintiff to have failed to

exhaust their administrative remedies, the prevailing practice in this circuit is to dismiss the case without prejudice. *See, e.g.*, *McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1321 (7th Cir. 1984) ("As it is not certain that it is too late for McGuinness to obtain administrative consideration of his claim, the suit must be dismissed not as untimely but as premature, without prejudice to his bringing a new suit if and when he exhausts his administrative remedies."); *Teal*, 559 F.3d at 693 (holding that because the plaintiff "failed to exhaust administrative remedies, her complaint must be dismissed without prejudice."); *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1008 (7th Cir. 2019) (noting that the autoworkers' discrimination claims "should have been dismissed without prejudice" because "the sole basis for dismissal was a failure to exhaust administrative remedies"). Neither party has cited, nor can the Court find, a single case in which a stay was granted in similar circumstances. Although Carson is correct that precedent does not foreclose a court's inherent authority to manage its docket, the Court respectfully declines to depart from the standard practice in this circuit. The government is correct that on remand, the MSPB will consider both the removal and discrimination aspects of Carson claims. And if the MSPB has completed its review and finds against Carson, she will be able to return to federal court. Thus there is no danger that "Carson would lose access to the federal courts if this case were dismissed." Def.'s Surreply Br. at 3.

Carson has filed this case too early. Nonetheless the Court wants to address Carson's concern that if she does exhaust her administrative remedies and re-files her case, she will then be told that she has filed too late. To clear up any potential for confusion regarding potential future filing deadlines, this is how Carson may proceed in order to eventually get back into federal court. After a final adverse decision from the

MSPB, Carson may file a civil action in this district and must do so within thirty calendar days after the adverse MSPB decision becomes final. *See* 5 U.S.C. § 7703(b)(2). If, on the other hand, Carson gets an adverse *preliminary* ruling from the MSPB, she cannot seek judicial review at that point. Rather, she must receive an adverse *final* decision from the MSPB.[3] Second, once there is a final MSPB decision (assuming that is what happens), filing in district court, instead of the Federal Circuit, will allow Carson to obtain judicial review of all aspects of Carson's mixed case. *See Perry*, 582 U.S. at 426.

In sum, the Court concludes that dismissal without prejudice is the appropriate outcome.

## Conclusion

For the reasons stated above, the Court grants the government's motion to dismiss [dkt. no. 15]. The Clerk is directed to enter judgment stating: The case is dismissed without prejudice for failure to fully exhaust administrative remedies. The telephonic status hearing set for September 18, 2026 is vacated.

MATTHEW F. KENNELLY
United States District Judge

Date: August 28, 2026

[3] If Carson gets a *favorable* final decision from the MSPB, she will have prevailed and thus would have no reason to seek judicial review.